IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. JULIEKAY, INC. an Oklahoma Corporation, and<br><br>2. JULIE KAY KYLES, an individual,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>1. NARS COSMETICS, INC.,<br><br>　　　　Defendant. | Case No. 24-cv-00024-CDL<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs JulieKay, Inc. ("JulieKay") and Julie Kay Kyles ("Ms. Kyles") (collectively "Plaintiffs") for their complaint against Defendant NARS Cosmetics, Inc. ("NARS" or "Defendant"), allege as follows:

### PRELIMINARY STATEMENT

1. This action concerns NARS' unlawful and unconsented use and exploitation of Ms. Kyle's likeness and JulieKay's copyrighted content to advertise its own products. Plaintiff JulieKay is the owner of a video originally published by Ms. Kyles on December 27, 2022 (the "JulieKay Video"). Plaintiff, NARS, is a multinational cosmetics company, which misappropriated the voiceover contained on the JulieKay Video to promote its own products in a video which it posted on Instagram on November 24, 2023 (the "NARS Video"), which was done without the approval or consent of Plaintiffs.

2. After learning of the misappropriation of the content on the JulieKay Video, JulieKay contacted NARS, which eventually admitted that it had used the content without acknowledgement or approval.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over all claims pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000.

4. This Court also has subject-matter jurisdiction over the Lanham Act claims set forth below pursuant to 17 U.S.C. § 1203(a), 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a), and over the remaining claims pursuant to 28 U.S.C. § 1367(a).

5. This Court has jurisdiction over Defendant because it advertises and sells its products in this District.

6. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. 1400 because a substantial part of the acts giving rise to this action occurred in this District.

## THE PARTIES

7. Julie Kay Kyles is an individual residing in the State of Oklahoma.

8. JulieKay, Inc. is an Oklahoma Corporation registered in the State of Oklahoma and keeping its principal place of business in the State of Oklahoma. JulieKay's sole members are Ms. Kyles and Corey Mackay.

9. On information and belief, NARS Cosmetics, Inc. is incorporated in the State of Delaware and keeps its principal place of business in the State of New York.

## FACTS COMMON TO ALL CLAIMS

### A. JulieKay's creation and publication of its original video.

10. Ms. Kyles is an owner and manager of JulieKay.

11. As part of the business of JulieKay, Ms. Kyles operates a TikTok account under the profile @imjuliekay where she advertises various products. The profile @imjuliekay has over 5 million followers.

12. As part of the business of JulieKay, Ms. Kyles also operates an Instagram account at https://www.instagram.com/imjuliekay/ and a Facebook account at https://www.facebook.com/profile.php?id=61550107079172.

13. JulieKay's TikTok account, Instagram account, and Facebook account provide her fans and customers links to purchase products through the website at the link: https://direct.me/imjuliekay, including an Amazon shop located at the link: https://www.amazon.com/shop/imjuliekay, and provides income to JulieKay if users click on various products and advertising links.

14. In the winter of 2022, Ms. Kyles, created a video, which she later published on December 27, 2022, under the profile @imjuliekay (the "JulieKay Video").

15. The JulieKay Video contains Ms. Kyles's voice advertising several "mini" products and can be found at the following link: https://www.tiktok.com/t/ZT8qtVv6V/.

16. JulieKay owns a copyright in the JulieKay Video.

17. JulieKay has filed and received a copyright registration for the JulieKay Video, which is Registration #PA002449492, a copy of the certificate of registration is attached as **Exhibit 1**.

18. JulieKay is a licensee of Ms. Kyles's likeness and other rights, including her voice.

### B. NARS use of the JulieKay Video to promote its own product.

19. On November 24, 2023, which was Black Friday, Defendant NARS uploaded a video to its own Instagram account (NARS' Instagram account may be found at the following link: https://www.instagram.com/narsissist/), which contained an edited version of the voiceover used on the JulieKay Video (the "NARS Video").

20. After learning of the NARS Video, JulieKay made numerous attempts to contact NARS on Friday, Saturday, and Sunday of the Black Friday weekend (November 24-26 of 2023).

21. Numerous fans of JulieKay also commented on the NARS Video notifying NARS that it had improperly used JulieKay's content and voice on the NARS Video. *See* screenshots of these comments, attached as **Exhibit 2**.

22. Ms. Kyles also posted a comment on the NARS Video notifying NARS about its improper and unauthorized use of the voiceover in its post. *See* screenshot of the comments, attached as **Exhibit 3**.

23. NARS did not respond to these comments through Instagram or otherwise, even though it was actively responding to other comments about the NARS Video and the product advertised in the NARS Video. *See* **Exs. 2-3**.

24. In fact, NARS waited until late on Sunday, November 26, 2023, the end of Black Friday weekend, to admit to JulieKay that it had improperly used JulieKay's voiceover in its own content without authorization or approval. *See* message on Instagram from NARS to JulieKay, attached as **Exhibit 4**.

25. NARS subsequently removed the NARS Video from its Instagram account; however, the video was captured by JulieKay, and screenshots are attached hereto as **Exhibit 5**. A copy of the video will be submitted to the Court via thumb drive as **Exhibit 6**.

26. A comparison of some of the words used in the respective videos is show below:

| JulieKay Video | NARS Video |
|---|---|
| Mini versions of things are literally my biggest weakness ever. Like, if you want my money just make a tiny version. And it's not like just perfume. It's literally with everything. Everything is so much better when it's tiny. | Mini versions of things are literally my biggest weakness ever. Like, if you want my money, just make a tiny version. (repeated) |

27. NARS' actions caused considerable distress to Ms. Kyles, and caused a loss of income to JulieKay, because Ms. Kyles was unable to post her own video on Black Friday, which

4

caused loss of advertising income through her TikTok account, her Facebook and Instagram account, and prevented sales of products she advertises through her online store.

### C. Damages to Plaintiffs.

28. NARS' actions of publishing the copyrighted JulieKay Video without Ms. Kyle or JulieKay's permission or authorization have caused damage to Ms. Kyles and JulieKay.

29. NARS' use of Ms. Kyles's voice from the JulieKay Video without Ms. Kyles or JulieKay's permission or authorization have caused damage to Ms. Kyles and JulieKay.

30. NARS' infringing activities have caused, and will continue to cause, consumer confusion as to JulieKay's affiliation with or endorsement by JulieKay and Ms. Kyles and Plaintiff. This confusion is particularly damaging to JulieKay as it may divert her customers to those of NARS.

31. Through its wrongful appropriation of the likeness of Ms. Kyles to promote its own products to NARS' customers, NARS is unfairly competing with Plaintiffs' business activities.

### CLAIMS FOR RELIEF

**First Cause of Action: Misappropriation of Likeness (in Violation of 12 Okla. Stat. § 1449)**

32. Plaintiffs repeat and re-allege the allegations contained in Paragraphs 1–31 herein.

33. NARS' misappropriation of Ms. Kyle's likeness and content from the JulieKay Video as edited and used in the NARS Video is a violation of Oklahoma's right of publicity codified at 12 O.S. § 1449.

34. On information and belief, NARS' actions in taking Ms. Kyles' voice out of the JulieKay Video, editing the voice, and imposing the voice on the NARS Video was done

knowingly by NARS and without Plaintiffs' permission for such commercial use of Ms. Kyles' likeness.

35. As a direct result of NARS' actions, Plaintiffs have sustained damages in an amount in excess of $75,000.00.

36. NARS' actions and conduct was undertaken knowingly or with reckless disregard for the rights of Plaintiffs' when NARS knew or should have known they had no legal right to publish Plaintiffs' image without their authorization.

37. Pursuant to 12 O.S. § 1449 punitive damages are authorized for a violation of Oklahoma's right of publicity.

**Second Cause of Action: Copyright Infringement (in Violation of 17 U.S.C. § 101 *et seq.*)**

38. Plaintiffs repeat and re-allege the allegations contained in Paragraphs 1–37 herein.

39. JulieKay owns valid copyrights in the JulieKay Video.

40. The JulieKay video constitutes an original work of authorship created by Plaintiff.

41. At all times relevant herein, Plaintiff JulieKay has been and still is the owner of all copyrights in and to the JulieKay Video and has conveyed no copyright interest in the JulieKay Video to Defendant.

42. Defendant had access to and did access the JulieKay Video, and has, without authorization from Plaintiffs, made or had made infringing use and unauthorized copies of the JulieKay Video.

43. Defendant's advertisement and display on its Instagram page of the JulieKay Video and content constitutes unauthorized use, distribution, copying and misappropriation of substantial portions of the authorship contained in, and original to, the JulieKay Video.

44. As a direct and proximate result of Defendant's infringing activities, Plaintiffs have been and continue to be damaged in an amount to be ascertained at trial.

45. Defendant is liable to Plaintiffs for actual or statutory damages arising from their infringement and all costs of this action, including reasonable attorneys' fees.

46. In addition, Plaintiffs are entitled to temporary, preliminary and permanent injunctive relief to prevent further harm and are entitled to the destruction of any of Plaintiffs' copyright works in the possession of Defendant.

**Third Cause of Action: False Advertising (in Violation of 15 U.S.C. § 1125(a)).**

47. Plaintiffs repeat and re-allege the allegations contained in Paragraphs 1−46 herein.

48. NARS' use of the JulieKay Video in interstate commerce is a false designation of origin, and/or a false description or representation. Such use has misled and deceived, and will continue to mislead and deceive, the public by suggesting the NARS's Video and NARS' products are affiliated with or endorsed by JulieKay, licensed by JulieKay, or in some way otherwise sanctioned by JulieKay.

49. NARS's unauthorized association with Ms. Kyles and JulieKay has resulted in profits to NARS and thereby deprived Plaintiffs of revenue to which they are entitled.

50. By so imitating, counterfeiting, and infringing the JulieKay Video in interstate commerce, NARS has violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51. By reason of the foregoing, Plaintiffs have been injured in an amount as yet unascertained but exceeding this Court's jurisdictional threshold and is entitled to money damages, reasonable attorney fees, injunctive relief, and other remedies provided by 15 U.S.C. § 1116 *et seq*.

### Fourth Cause of Action: Unfair Competition

52. Plaintiffs repeat and re-allege the allegations contained in Paragraphs 1–51 herein.

53. NARS's use of the JulieKay Video or its content constitutes passing off, infringement, and misappropriation of the JulieKay Video. By way of such activities, NARS is unfairly competing with Plaintiffs.

54. By reason of the foregoing, Plaintiffs have been injured in an amount as yet unascertained but exceeding this Court's jurisdictional threshold and are entitled to money damages, reasonable attorney fees, injunctive relief, and other equitable remedies as this Court deems just and proper.

### Fifth Cause of Action: Deceptive Trade Practices (in Violation of the Oklahoma Deceptive Trade Practices Act, Okla. Stat. tit. 78, § 51 *et seq.*)

55. Plaintiffs repeat and re-allege the allegations contained in Paragraphs 1–54 herein.

56. Plaintiffs own all rights, title and interest in the JulieKay Video and Ms. Kyle's likeness.

57. Defendant used the JulieKay Video and Ms. Kyle's likeness in Defendant's online advertising, social media, and sale of its products and services, without Plaintiffs' license, permission, or consent.

58. Defendants' use of the JulieKay Video and Ms. Kyles' voice in commerce and in connection with the advertising and sale of its products is likely to cause confusion among Plaintiffs' customers and to create a false association to Plaintiffs to the detriment of Plaintiffs.

59. Defendant engaged in the conduct alleged herein in bad faith, acted with knowledge and in conscious and reckless disregard for Plaintiffs' rights, for which Plaintiffs are entitled to an immediate injunction prohibiting Defendants' continuation of these unlawful acts as well as Defendant's profits therefrom and Plaintiffs' attorneys' fees and costs.

60. Defendant has profited from its unlawful actions and has been unjustly enriched to Plaintiffs' detriment.

61. Defendant's unlawful actions have caused Plaintiffs' monetary damage in an amount presently unknown but in an amount to be determined at trial.

62. As a result of Defendant's unlawful conduct, Plaintiffs' have been and will continue to be damaged.

63. As a result of Defendant's unlawful conduct, Plaintiffs are entitled to recover profits, damages, and its reasonable attorneys' fees pursuant to Okla. Stat. tit. 78, § 54.

**WHEREFORE**, Plaintiff respectfully requests the Court enter judgment in its favor and against Defendant NARS Cosmetics, Inc. as follows:

1. NARS, its agents, servants, employees, heirs and assigns, and all persons and entities in concert or participation with him be preliminarily and permanently enjoined from:

    a. infringing the JulieKay Video;

    b. promoting business activities in any way that references JulieKay's content, Ms. Kyles' likeness, or other content owned by JulieKay;

    c. promoting business activities in any way that intends to deceive, mislead, or confuse the public to believe that NARS is associated with or endorsed by Plaintiffs; and

    d. otherwise unfairly competing with Plaintiff.

2. NARS be directed to file with this Court and serve on Plaintiffs within 30 days after service of this Court's order a report, in writing, under oath, setting forth in detail the manner and form in which NARS has complied with the injunction;

3. NARS be required to deliver up for destruction all materials using the JulieKay Video, or its copies, derivative works, imitations, or reproductions pursuant to 17 U.S.C. § 503;

4. NARS be required to account for and pay over to Plaintiffs all gains, profits, and advantages realized from its misappropriation of the content in the JulieKay Video and Ms. Kyles' likeness;

5. NARS be required to pay compensatory damages in an amount to be determined at trial, but in excess of $75,000.00;

6. NARS be required to pay punitive damages in an amount to be determined by the trier of fact, but in excess of $75,000.00;

7. NARS be required to pay Plaintiffs' costs, expenses, and reasonable attorney fees in connection with this action; and

8. Plaintiffs have such other, further, and different relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all the claims for damages.

January 18, 2024

Respectfully submitted,

s/Tynia A. McQuigg
Tynia A. McQuigg, OBA #30765
Deric McClellan, OBA #32827

CROWE & DUNLEVY, P.C.
Braniff Building
324 North Robinson Avenue, Suite 100
Oklahoma City, OK 73102-8273
(405) 235-7700
(405) 239-6651 (Facsimile)
tynia.mcquigg@crowedunlevy.com
deric.mcclellan@crowedunlevy.com

***ATTORNEYS FOR PLAINTIFFS JULIEKAY, INC. AND JULIE KAY KYLES, an individual***